Filed 9/16/25  P. v. Watkins CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PATRICK WATKINS,<br><br>Defendant and Appellant. | F088193<br><br>(Super. Ct. No. DF017258A)<br><br>**OPINION** |

-ooOoo-

## THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Eric L. Christoffersen and Dina Petrushenko, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Levy, J. and Franson, J.

A jury convicted defendant Patrick Watkins, a prison inmate serving a life sentence, of assault with a deadly weapon with malice aforethought in violation of Penal Code section 4500[1] as well as assault by a prisoner with a deadly weapon (§ 4501, subd. (a)) and assault by a prisoner by means of force likely to produce great bodily injury (§ 4501, subd. (b)). Defendant's sole contention on appeal is that he cannot be convicted of both section 4500 and section 4501. The People agree, and we reverse defendant's section 4501 convictions but otherwise affirm the judgment.

## PROCEDURAL BACKGROUND

The District Attorney of Kern County filed an amended information on May 6, 2024, charging defendant with assault with a deadly weapon with malice aforethought by a life prisoner (§ 4500; count 1), assault with a deadly weapon by a prisoner (§ 4501, subd. (a); count 2), assault by means of force likely to produce great bodily injury by a prisoner (§ 4501, subd. (b); count 3), and possession of a sharp instrument while confined in a penal institution (§ 4502, subd. (a); count 4). The amended information also alleged that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)) as to counts 1 through 3, personally used a weapon (§ 12022, subd. (b)(1)) as to count 1, had 18 prior strike convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12), and had two prior serious felony convictions (§ 667, subd. (a)). Several aggravating sentencing factors were also alleged. Defendant pleaded not guilty and denied all allegations.

On May 16, 2024, after a six-day trial, the jury convicted defendant of all charges and found true that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)) and personally used a weapon (§ 12022, subd. (b)(1)). After defendant waived his right to a jury trial regarding his prior strike and serious felony convictions and the factors in aggravation, the trial court found all the allegations true.

---

[1] Undesignated statutory references are to the Penal Code.

2.

On June 13, 2024, the trial court denied defendant's motion to dismiss all but one of his prior strike convictions and sentenced him to prison for 27 years to life, plus 10 years (§ 667, subd. (a)), plus three years (§ 12022.7, subd. (a)) as to count 1[2] and stayed the prison terms as to counts 2, 3, and 4. The court also ordered defendant to pay a $300 restitution fine (§ 1202.4, subd. (b)), a suspended $300 parole revocation restitution fine (§ 1202.45), $160 in court operations assessments (§ 1465.8), and $120 in criminal conviction assessments (Gov. Code, § 70373). The court further ordered that defendant serve the total term of 27 years to life, plus 13 years in prison consecutive to the sentence he was already serving.[3]

Defendant filed a timely notice of appeal on June 13, 2024.

## FACTS

Charles Wetstore was an inmate at North Kern State Prison on August 25, 2022 and assigned to the cell next to defendant. At approximately 6:45 a.m., Wetstore was brushing his teeth when officers remotely opened his and defendant's cell doors. Prisoners are let out of their cells to receive medication before eating breakfast. Defendant aggressively rushed into Wetstore's cell and started swinging at him. Although Wetstore had not seen a weapon, after defendant left his cell, Wetstore discovered that he was bleeding profusely from both of his forearms because they were either stabbed or sliced. He received a total of five lacerations. Defendant reentered his own cell and closed the doors.

---

[2] The court stayed the one-year section 12022, subdivision (b)(1) enhancement found true as to count 1 pursuant to California Rules of Court, rule 4.447.

[3] The People correctly note that paragraph 12 of the abstract of judgment describes defendant's total term as "27 YEARS TO LIFE, PLUS 13 YEARS TO LIFE." However, the court sentenced defendant to 27 years to life, plus 13 years. We will instruct the trial court to correct this error and indicate in paragraph 8 that defendant was sentenced pursuant to section 667, subdivisions (b) through (i).

Defendant's cellmate testified that, prior to the attack, defendant was in his cell packing his belongings. Defendant asked his cellmate to watch them and explained that he would probably be sent to "the hole," referring to an isolation cell used for discipline. Defendant then left his cell, and defendant's cellmate heard sounds of a scuffle nearby.

After the incident, officers found an inmate-manufactured weapon on top of a T-shirt on defendant's bunk. The weapon was approximately six inches long, still had blood on it, and made from a spoon and razor blade. Wetstore's injury was consistent with having been made from this weapon.

Defendant testified that the doors to his and Wetstore's cells were opened, even though neither of them needed medication. Defendant claimed that the fight had been organized by officers, and he admitted that he intended to fight Wetstore even before his cell door opened. Prior to entering Wetstore's cell, defendant heard Wetstore fighting with someone. After defendant's cell door opened, he entered Wetstore's cell and hit Wetstore with his fists, but defendant did not have a weapon. Defendant testified that Wetstore was already bleeding when defendant first entered the cell. Defendant further claimed that he had no knowledge of the weapon found in his cell.

## DISCUSSION

Defendant challenges his convictions under section 4501 and argues that he cannot be convicted of both section 4500 and section 4501. The People agree, and we accept the concession.

Section 4500 applies to prisoners undergoing a life sentence who, with malice aforethought, commit an assault with a deadly weapon or instrument, or by any means of force likely to produce great bodily injury. Section 4501, in turn and as relevant here, applies to prisoners who commit an assault with a deadly weapon or instrument (§ 4501, subd. (a)) or by means of force likely to result in great bodily injury (*id.*, subd. (b)), "except as provided in [s]ection 4500" (*id.* subds. (a), (b)).

4.

In *People v. Nava* (2024) 107 Cal.App.5th 624, the court held that a person could not be convicted of both section 4500 and section 4501 for the same conduct. (*Id.* at p. 631.) Considering section 4501's opening clause—"[e]xcept as provided in [s]ection 4500"—we agree with *Nava*'s conclusion that a person convicted of violating section 4500 cannot also be convicted of violating section 4501 for the same conduct. A life prisoner can only be convicted of section 4501 where he has committed an assault meeting all the requirements of section 4500 but did not act with malice aforethought. Because in this case, defendant was convicted under both statutes for the same conduct, we will reverse his convictions for violating section 4501 (counts 2 & 3).

## DISPOSITION

Defendant's convictions for violating section 4501, subdivisions (a) and (b) (counts 2 & 3) are reversed. The trial court is directed to prepare an amended abstract of judgment reflecting this modification, correcting paragraph 12 to reflect a total sentence of "27 years to life, plus 13 years," indicating in paragraph 8 that defendant was sentenced pursuant to section 667, subdivisions (b) through (i), and indicating in paragraph 9 that defendant shall pay $60 in criminal conviction assessments (Gov. Code, § 70373) and $80 in court operations assessments (§ 1465.8). The trial court is further directed to forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.

As so modified, the judgment is affirmed.